**Exhibit A**



**Texas Education Agency**

**Commissioner Mike Morath**

1701 North Congress Avenue • Austin, Texas 78701-1494 • 512 463-9734 • 512 463-9838 FAX • tea.texas.gov

**Certified Mail
& Regular Mail**

101-912
2019-2020

November 6, 2019

Dr. Grenita Lathan, Superintendent
Ms. Diana Davila, Board President
Houston Independent School District
4400 W. 18th St.
Houston, TX 77092

**RE: Appointment of Board of Managers Due to Special Accreditation Investigation and Lowered Accreditation, Campus Performance Ratings, and the Conservator Appointment**

Dear Dr. Lathan and Ms. Davila:

The purpose of this correspondence is to provide Houston Independent School District ("ISD" or "district") with official notification regarding my determination to lower the district's 2018-2019 accreditation status based on the results of a Special Accreditation Investigation. This action is authorized by Texas Education Code (Tex. Educ. Code) §§39.052(d) and 39.057(d), and 19 Texas Administrative Code (Tex. Admin. Code) §§97.1055, 97.1057, and 97.1059. Specifically, Houston ISD's 2018-2019 accreditation status will be lowered to **Accredited-Warned**.

This letter also provides the district notice of my appointment of a board of managers to Houston ISD to exercise the powers and duties of the district's board of trustees, and of my appointment of a superintendent based on the results of the Special Accreditation Investigation, the lowered accreditation status, the unacceptable performance of a district campus, and the length of the conservator appointment. See Tex. Educ. Code §§39.052(d), 39.057(d), 39A.004, 39A.006 39A.111, 39A.201, 39A.202, 39A.906, and 19 Tex. Admin. Code §§97.1057, 97.1059, 97.1073.

**Special Accreditation Investigation**

In response to multiple complaints received by the Texas Education Agency (TEA or agency) alleging violations with laws relating to governance of an Independent School District and compliance with the Texas Open Meetings Act, TEA issued a Notice of Special Accreditation

Investigation (SAI) on January 22, 2019, and due to concerns reported by Houston ISD staff, issued an amended Notice of SAI on March 24, 2019, to include alleged violations of contract procurement. On August 5, 2019, the Agency issued a Preliminary Report and provided the district and its trustees an opportunity to respond. After conducting an informal review of the responses, the Agency issued a Final Report on October 30, 2019, which documented the following findings:

- A quorum of the board of trustees deliberated and exercised decision making powers outside of a public meeting held in compliance with the Texas Open Meetings Act in violation of Tex. Educ. Code §11.051(a-1);
- Members of the board of trustees acted individually on behalf of the board, exceeding the scope of their authority in violation of Tex. Educ. Code §11.051(a-1) Governance of Independent School District
- Members of the board of trustees violated contract procurement rules while the district was selecting a vendor/contract as well as attempting to tamper with contracts that had been awarded in violation of Tex. Educ. Code §§44.031 and 44.031(a)(1).

Based on these findings, the Final Report recommended lowering the district's accreditation status and appointing a conservator and a board of managers to ensure appropriate governance of the district and implementation of policies and procedures to address the issues raised in the Final Report.

### Accreditation Status and Appointment of a Board of Managers and Superintendent

Pursuant to Tex. Educ. Code §§39.052(d) and 39.057(d), and 19 Tex. Admin. Code §§97.1055(a)(4), 97.1055(a)(8), 97.1055(b)(2)(B), and 97.1055(b)(3), a school district's accreditation status may be raised or lowered and an accreditation sanction may be issued based on the results of a special accreditation investigation. I have evaluated and considered the issues documented in the Final Report relating to the inability of the board of trustees to carry out its power and duties in Tex. Educ. Code §§11.151 and 11.1511, and 19 Tex. Admin. Code §97.1073(e)(8) as demonstrated by its failure to address the long-standing academic deficiencies at Wheatley High School. Specifically, the report makes findings of fact identifying serious and persistent instances where individual board members exercise decision-making authority in violation of Texas Open Meetings Act and violated laws relating to contracting.

These findings compel me to lower the district's 2018-2019 accreditation status to **Accredited-Warned** and appoint a board of managers because the district exhibits serious or persistent deficiencies that may lead to the probation or revocation of the district's accreditation if not addressed because the breakdown in governance may impact academic and financial performance. See 19 Tex. Admin. Code §97.1055(b)(2)(B)(ii). These actions are necessary because the district has failed to comply with the requirements related to purchasing as set forth in Subchapter B, Chapter 44 of the Education Code. See Tex. Educ. Code §§ 39.052(b)(2)(A)(iii) and 7.056(e)(3)(E), and 19 Tex. Admin. Code §§97.1055(b)(2)(A)(v) and 97.1055(e).

Given the inability of the board of trustees to govern the district, these sanctions are necessary to protect the best interests of the district's current and future students. See 19 Tex. Admin. Code §97.1057(f). The findings demonstrate that individual members of the board of trustees acted on behalf the board outside of a meeting that complied with the Texas Open Meetings Act resulting in an inefficient or ineffectual use of district funds or property. See 19 Tex. Admin. Code

§97.1057(f)(1). The board members should have focused on implementing effective change to improve the performance of students in the district's low performing campuses. See 19 Tex. Admin. Code §97.1057(f)(4). The board of trustees failed to do so.

The findings in the Final Report demonstrate material deficiencies that are serious and extensive. See 19 Tex. Admin. Code §97.1059(b)(1)(E). The findings also demonstrate that the district's governing problems are long-standing and have recurred over time. See 19 Tex. Admin. Code §97.1059(b)(2). The deficiencies cited in the Final Report demonstrate a substantial and imminent threat to the welfare of the district's students and to the public interest because the board of trustees is unable to govern the district, as demonstrated by its inability to address the long-standing academic deficiencies at Wheatley High School. See 19 Tex. Admin. Code §97.1059(b)(4).

As stated above, I have reviewed the Final Report and determined that the findings contained therein compel me to lower the district's accreditation status. For the same reasons cited above, these findings also compel me to appoint a board of managers to exercise the powers and duties of the board of trustees. This is authorized because the district's accreditation rating has been lowered to Accredited-Warned. See Tex. Educ. Code §39A.004(1). This intervention is also authorized because the findings in the Final Report warrant the intervention. See Tex. Educ. Code §39.057(d). This intervention is in the best interests of the students. See 19 Tex. Admin. Code §97.1057(f)(1) and (f)(4). This intervention is needed to prevent imminent and substantial harm to the welfare of the district's students or to the public interest, because the deficiencies identified in the Final Report warrant the appointment of a board of managers, and because a failure of governance has resulted in an inability of the board to carry out the powers and duties of the board as outlined in Tex. Educ. Code 11.151 and 11.1511, as demonstrated by its inability to address the long-standing academic deficiencies of Wheatley High School. See 19 Tex. Admin. Code §§97.1073(e)(4), (e)(7), and (e)(8), and 97.1059(b)(1)(E) and (b)(4).

These actions are necessary to achieve the purposes of the accreditation system. See Tex. Educ. Code §§39.051, 39.052, and 19 Tex. Admin. Code §97.1053(a), 97.1055(b)(3), 97.1057(a), 97.1057(e), and 97.1059(a). These actions are necessary to inform stakeholders of the district's poor compliance performance. See 19 Tex. Admin. Code §97.1053(a)(1). These actions will encourage the district to comply with the Texas Open Meetings Act and the purchasing laws, and will allow stakeholders the ability to assist future board members in complying with the Texas Open Meetings Act and the purchasing laws. See 19 Tex. Admin. Code §97.1053(a)(2-3). These actions will also encourage other districts to improve their compliance performance in order to avoid similar action and to retain their accreditation. See 19 Tex. Admin. Code §97.1053(a)(4). Finally, these actions will improve the Texas public school system by eliminating poor compliance performance by the district. See 19 Tex. Admin. Code §97.1053(a)(5).

### Campus Performance Ratings

In 2011, Wheatley High School was assigned a final academic accountability rating of *Academically Unacceptable*. This was the campus' first unacceptable rating following a 2010 rating of Academically acceptable. The rating of Academically Unacceptable was the lowest rating in the accountability system. The campus was required to prepare a targeted improvement plan.

In 2012, no campus ratings were issued due to transition from the TAKS to the STAAR test. Under this transition, 2011 and 2013 ratings were treated as consecutive. See 19 Tex. Admin. Code §97.1055(a)(9).

In 2013, Wheatley High School was assigned a final academic accountability rating of *Improvement Required*. This was the campus' second consecutive unacceptable rating. The campus submitted its targeted improvement plan and a targeted reconstitution plan.

In 2014, Wheatley High School was assigned a final academic accountability rating of *Improvement Required*. This was the campus' third consecutive unacceptable rating. The campus was designated a Texas Title 1 Priority School (TTIPS) and received the TTIPS Cycle 3 Grant. As a condition of that grant, the campus submitted quarterly progress reports, staff and Principal effectiveness submissions, and end of year reports.

In 2015, Wheatley High School was assigned a final academic accountability rating of *Improvement Required*. This was the campus' fourth consecutive unacceptable rating. The campus continued to implement its plan associated with the TTIPS Cycle 3 grant.

In 2016, Wheatley High School was assigned a final academic accountability rating of *Improvement Required*. This was the campus' fifth consecutive unacceptable rating. Under prior law, this district and campus would have been ordered to repurpose the campus, select alternative management, or close the campus.[1] However, due to the passage of H.B. 1842, a new set of sanctions was authorized. H.B. 1842 included a transition plan for campuses such as Wheatley. Under the transition provisions, Wheatley was essentially treated as having three consecutive failed ratings following the 2016 rating, rather than five. For such a campus, the sanctions authorized by Tex. Educ. Code §39A.111 (board of managers or campus closure) for campuses with five consecutive failed ratings would apply to Wheatley following its seventh consecutive failed rating.

In 2017, Wheatley High School was assigned a final academic accountability rating of *Improvement Required*. This was the campus' sixth consecutive unacceptable rating.

In 2018, Wheatley High School had student performance that would have led to its seventh consecutive failed rating. However, due to the Hurricane Harvey waiver, Wheatley was not issued a rating of Improvement Required. Instead the campus was not rated. The Hurricane Harvey waiver made it clear that for campuses that were not rated due to Hurricane Harvey, the 2017 and 2019 ratings would be considered to be consecutive.[2]

In 2019, Wheatley High School was issued a final academic accountability rating of *F*. This was the campus' seventh consecutive unacceptable rating. On September 3, 2019, I notified the district that if the unacceptable 2019 preliminary academic performance rating assigned to the Wheatley High School became a final rating, I would be required to order either the appointment of a board of managers to govern the district as provided by Tex. Educ. Code §39A.202 or closure of the campus. The district appealed the preliminary performance rating assigned to Wheatley High School and, on November 5, 2019, the district was notified of the appeal denial and that Wheatley High School

---

[1] See Tex. Educ. Code §39.107(e)(2014).

[2] See *2018 Accountability Manual*, Chapter 10- Hurricane Harvey, School Districts and Open-Enrollment Charter Schools.

received a final 2019 academic performance rating of F, the seventh consecutive unacceptable rating assigned to the campus[3]. Consequently, I am required to take action pursuant to Tex. Educ. Code §§39A.906 and 39A.111, and I am ordering the appointment of a board of managers.

The long-standing failure of the board of trustees to provide better educational opportunities to the students of this campus, compel me to appoint a board of managers pursuant to Tex. Educ. Code §§39A.111(1), 39A.906(b) and 19 Tex. Admin. Code §97.1061(g). This action is necessary because the Agency's systems for campus accountability have identified the board of trustees' material deficiencies and inability to implement effective change to improve the performance of students assigned to the campus. See 19 Tex. Admin Code §§ 97.1057(f)(4) and 97.1059(b)(1)(G). These deficiencies have been persistent and long-standing. The HISD Board of Trustees has allowed this campus to operate with unacceptable ratings since 2011, earning 7 consecutive unacceptable ratings, and demonstrate an ongoing failure of the board of trustees to address previously identified deficiencies and establish a pattern of recurring deficiencies. See 19 Tex. Admin. Code §97.1059(b)(2).[4]

This action is necessary to achieve the purposes of the accreditation system. See Tex. Educ. Code §§39.051, 39.052, and 19 Tex. Admin. Code §97.1053(a), 97.1057(a), 97.1057(e), and 97.1059(a). This action is necessary to inform stakeholders of the district's poor campus academic performance. See 19 Tex. Admin. Code §97.1053(a)(1). This action will encourage the district to improve its academic performance, and will allow stakeholders the ability to assist future board members in improving the district's poor campus academic performance. See 19 Tex. Admin. Code §97.1053(a)(2-3). This action will also encourage other districts to improve their campus academic performance in order to avoid similar action. See 19 Tex. Admin. Code §97.1053(a)(4). Finally, these actions will improve the Texas public school system by appointing a board of managers to address the campus' poor academic performance. See 19 Tex. Admin. Code §97.1053(a)(5).

**Length of the Conservator Appointment**

On September 2, 2016, I appointed Dr. Doris Delaney as a conservator. At the time of this appointment, Kashmere High School had the most consecutive years of unacceptable performance of any campus in the state. The commissioner may appoint a board of managers if a conservator has been assigned to the district in any part of two consecutive school years, including the current school year. See Tex. Educ. Code §39.006(b) and 19 Tex. Admin. Code §97.1057(d). Dr. Delaney's period of appointment has included four consecutive school years including most of the 2016-17 school year, the entire 2017-18 school year, the entire 2018-19 school year, and part of the current 2019-20 school year. Under the conservator's direction, Kashmere High School has earned an acceptable rating. If the board of trustees had been more responsive to current intervention, the board should have made similar efforts to improve its other low-performing campuses.

Pursuant to my authority under Tex. Educ. Code 39A.006(b), I am appointing a board of managers to oversee the district. This appointment is necessary due the district's inability to implement

---

[3] An unacceptable performance rating includes ratings of *Academically Unacceptable*, *Improvement Required*, and F. See *2019 Accountability Manual* Chapter 9, page 91.

[4] The commissioner can consider the entire ratings history of the campus when assigning accreditation statuses or issuing an accreditation sanction. See 19 Tex. Admin. Code §97.1053(b).

effective change to improve the performance of students at its campuses. See 19 Tex. Admin. Code §97.1057(f)(4).

**Public Notification: Accreditation Status**

Districts that are assigned a status of **Accredited-Warned** must take specific actions to notify the parents of students enrolled in the district and property owners in the district. The requirements for public notification are specified in 19 Tex. Admin. Code §97.1055(f), and a template that reflects the required format and language for the public notice is posted at http://tea.texas.gov/accredstatus/. Houston ISD must complete the notification requirement **no later than December 9, 2019**. Houston ISD also must send by certified mail, return receipt requested, documentation showing compliance with the notification requirement. This documentation may be addressed as follows:

> Division of Accreditation
> Texas Education Agency
> 1701 North Congress Avenue
> Austin, Texas 78701
> Fax: (512) 475-3665

Districts with an accreditation status below Accredited may be subject to additional accreditation sanctions as referenced in 19 Tex. Admin. Code Chapter 97, Planning and Accountability, Subchapter EE. Questions related to the public notification requirements may be addressed to accred@tea.texas.gov or (512) 463-5899.

**Appointment of Board of Managers and Superintendent**

Given the critical nature of the findings, I am appointing a board of managers to the district to exercise the powers and duties of the district's board of trustees under the authority of Tex. Educ. Code §§39.057(d),39A.004, 39A.006, and 39A.111(1) and 19 Tex. Admin. Code §§97.1057, 97.1059, and 97.1073(e).

A majority of the board of managers will consist of members of the Houston ISD community who are committed to service on behalf of the students of the district and the community. The members of the board of managers will be responsible for overseeing the management of the Houston ISD, including oversight of the district's efforts to address and correct identified deficiencies, and implementation of effective structural and procedural improvement strategies for long-term positive change. Texas Education Code §39A.202 also requires that I appoint a superintendent. I will announce my appointments in future correspondence.

**Conservator Appointment**

The appointment of the previously appointed conservator will remain in effect and will not be impacted at this time. The district is directed to cooperate and comply with the directives given by the conservator.

Please note that the appointment of a conservator does not relieve the district and its governing board of the responsibility to, at all times, operate the district in compliance with all applicable statutes and rules. The cost of the conservator's services will be paid by the district in accordance

with Tex. Educ. Code §39A.903. The conservator's fee shall be $85 per hour plus necessary travel expenses not to exceed the state per diem rate. Failure to make timely payments to the conservator may result in appropriate amounts being deducted from Foundation School Program (FSP) funds. The agency reserves the right to implement all available interventions and sanctions under Tex. Educ. Code, Chapter 39 and 39A, and Title 19, Tex. Admin. Code, Chapter 97, to address the current, or any future, deficiencies identified for the district.

**Parent Petition**

If the superintendent submits to the Commissioner a petition that the superintendent has certified as a valid petition on or before **December 2, 2019[5]**, and reflects that the parents of a majority of the students enrolled at Wheatley High School request that I either close the campus or install of board of managers, I must order the action requested. See Tex. Educ. Code §39A.112(b). However, if authorized by a majority of the board of trustees in a meeting conducted in compliance with the Texas Open Meetings Act, the board may request that the commissioner take a different action than the action requested in the parent petition. If the board takes such an action, it must provide a written explanation of the basis for the board's request to the commissioner no later than **December 16, 2019[6]**. See Tex. Educ. Code §39A.112(c). If the parent petition and the board request call for different actions, the commissioner may order either a board of managers or campus closure. See Tex. Educ. Code §39A.112(c).

**Review Process**

The district has a right to a formal review regarding the assignment of a board of managers and assignment of the lowered accreditation status of **Accredited-Warned**. 19 Tex. Admin. Code §157.1131. However, this formal review shall be provided only if the district submits a written request for formal review no later than **November 20, 2019. See** 19 Tex. Admin. Code §157.1133(1). Written information must also be submitted by the required deadline for requesting a formal review. See 19 Tex. Admin. Code §157.1133. If no formal review is requested by the deadline, a final decision may be issued without formal review. See 19 Tex. Admin. Code §157.1133(5). Pursuant to Tex. Educ. Code §39A.116 and 19 Tex. Admin. Code §157.1136, the Commissioner's decision related to the lowered accreditation status and appointment of the board of managers is final and may not be appealed.

A request for review and any written response and documentation **must be received by the TEA no later than November 20, 2019**, and should be sent to:

> Division of Enforcement Coordination
> Texas Education Agency

---

[5] 19 Tex. Admin. Code §97.1065(d)(1)(C) provides that if the petition was determined to be valid, it must be submitted by the district superintendent to the commissioner not later than December 1. However, as December 1, 2019 falls on a Sunday, the deadline was extended to Monday, December 2, 2019 per the Parent Petition for Action Guidance Document.

[6] 19 Tex. Admin. Code §97.1065(d)(3) provides for a deadline of no later than December 15, however as December 15, 2019 falls on a Sunday, the deadline was extended to Monday, December 16, 2019 per the Parent Petition for Action Guidance Document.

1701 North Congress Avenue
Austin, Texas 78701
Fax: (512) 475-3665
EnforcementCoordination@tea.texas.gov

Should the district wish to appear in person at the review or attend via telephonic conference, the district must give such notification within its request for review no later than **November 20, 2019,** and subsequent notification from TEA will be issued scheduling the review. The district is not required to attend the review; however, if the district requests a review and chooses not to attend, the review will proceed, and a final decision will be made based upon the documentation that was submitted by the district, if any, with its request for review. If no formal review is requested by the deadline, a final decision may be issued without review. See 19 Tex. Admin. Code §§157.1123(d), 157.1133(5).

**Compliance and Cooperation**

The board of managers, once installed, will keep me apprised of the conditions in the district and the agency will continue to monitor the district's performance and its cooperation with the agency's interventions. I will appoint a board of managers comprised of a majority of members of the Houston ISD community because I believe the community is in the best position to effectuate long-term, positive change for the district. It is my sincere desire that all parties work together in a cooperative and productive manner to address the issues within the district.

The agency reserves the right to implement all available interventions and sanctions under Tex. Educ. Code, Chapter 39, 39A, and 19 Tex. Admin. Code Chapter 97, to address the current, or any future, deficiencies identified for the campus and district.

Any questions regarding this correspondence may be addressed to the Division of Enforcement Coordination at (512) 463-5899 or EnforcementCoordination@tea.texas.gov.

Any questions regarding the accreditation status may be addressed to the Division of Accreditation at (512) 463-5899 or by email at accred@tea.texas.gov.

Any questions regarding the appointment of a board of managers, superintendent, and conservator may be addressed to Jason Hewitt in the Division of Monitors, Conservators & Investigations at (512) 936-5962 or by email at Jason.Hewitt@tea.texas.gov.

Sincerely,

Mike Morath
Commissioner of Education

MM/lm

cc: Dr. Pam Wells, Executive Director, Region 4, Education Service Center
Jeff Cottrill, Deputy Commissioner, Governance & Accountability, TEA
Kelvey Oeser, Deputy Commissioner, Educator Support
Mike Meyer, Deputy Commissioner, Finance, TEA
Leo Lopez, Associate Commissioner/Chief School Finance Officer, TEA
Cory Green, Associate Commissioner, Grants and Compliance Oversight, TEA
Joe Siedlecki, Associate Commissioner, Innovation & Charters, TEA
Von Byer, General Counsel, TEA
Christopher Jones, Senior Legal Counsel, TEA
Lizette Ridgeway, Director, School Improvement, TEA
Jason Hewitt, Director, Monitors & Conservators, TEA