## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HOUSTON FEDERATION OF TEACHERS, TEXAS AMERICAN FEDERATION OF TEACHERS, JACKIE ANDERSON, MAXIE HOLLINGSWORTH, AND DANIEL SANTOS, | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CAUSE NO. 5:20-CV-222-XR |
| THE TEXAS EDUCATION AGENCY; MIKE MORATH, COMMISSIONER OF EDUCATION, in his official capacity, | § § § § § § | |
| Defendants. | § § | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION TO TRANSFER VENUE

Defendants the Texas Education Agency and Mike Morath, Commissioner of Education, in his official capacity, ("TEA"), file this Reply in further support of their Motion to Transfer Venue and Motion to Dismiss. Plaintiffs' lengthy Response fails to explain why this case should not be transferred to the Austin Division of the Western District of Texas and subsequently dismissed. The case should be transferred to the Austin Division because the underlying facts have already been considered and adjudicated by Judge Yeakel. And the claims should be dismissed because no plaintiff has standing, sovereign immunity bars several claims, and Plaintiffs have failed to meet Rule 12 pleading standards.

## I.  MOTION TO TRANSFER VENUE

Plaintiffs' Response glosses over the most compelling reason that this Court should transfer venue to the Austin Division of the Western District of Texas – Judge Yeakel has already considered and addressed the underlying facts alleged in this lawsuit.  *See Houston Indep. Sch. Dist. v. Texas Educ. Agency*, No. 1:19-CV-684-LY, 2019 WL 6894474, at *1–3 (W.D. Tex. Dec. 18, 2019) (footnotes omitted). This fact alone is enough for transfer to the Austin Division. In addition, Plaintiffs do not and cannot rebut the fact that none of the relevant actors are located in San Antonio and none of the events at issue transpired in San Antonio.  Plaintiffs have failed to present any compelling reason why this lawsuit should not be transferred to the Austin Division where Defendants are located, the relevant events occurred, and the underlying facts have already been presented to and adjudicated by Judge Yeakel. This case should be transferred to the Austin Division of the Western District of Texas.

## II.  MOTION TO DISMISS

Plaintiffs do not and cannot rebut the numerous reasons that this lawsuit must be dismissed under Federal Rules of Civil Procedure 12(b)(1), for lack of jurisdiction, and 12(b)(6), for failure to state a claim.

### A.    The Individual Plaintiffs Lack Standing.

Plaintiffs' allege that they "will be injured by the policy choices made by the board of managers in relation to [their] existing teacher contract[s]." Compl. ¶¶ 4–6. Plaintiffs offer no explanation of what those policy choices will be or how they will be injured by those policy choices.  This allegation is purely speculative and simply

2

insufficient to establish standing. *See Galveston Open Gov't Project v. U.S. Dep't of Hous. & Urban Dev.*, 17 F. Supp. 3d 599, 606 (S.D. Tex. 2014) ("Unless and until someone who is going to be directly affected by the rebuilt public housing believes they are suffering an injury attributable to unlawful conduct, there is no 'case' or 'controversy' to resolve.").

Plaintiffs' Response focuses on an alleged "federally-protected right to vote for" their preferred candidates. Compl. ¶¶ 4–6.  However, Plaintiffs fail to recognize that neither the federal Constitution nor state law confers a specific right-to-vote for Plaintiffs' preferred candidates for the HISD board. *See Rodriguez v. Popular Democratic Party*, 457 U.S. 1, 9 (1982); Tex. Educ. Code § 39A.201. Nor do Plaintiffs address the fact that Supreme Court decisions authorize "appointive rather than elective" selections of school board members. *See Sailors v. Bd. of Ed. of Kent Cty.*, 387 U.S. 105, 109 (1967). The individual plaintiffs have failed to allege a "concrete and particularized" injury-in-fact that would confer standing for them to bring their claims.  Their claims should be dismissed.

**B.    The Teacher Organizations Lack Standing.**

Plaintiffs cannot bring their claims through the teacher organizations because they have not identified any member who has suffered the requisite harm to have standing to sue individually. *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333 (1977); *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009); *N.A.A.C.P. v. City of Kyle, Tex.*, 626 F.3d 233, 237 (5th Cir. 2010) (requiring evidence of "a specific member").  The teacher organizations also lack standing to sue in their own right because they have not established that the organization has injury-in-fact,

3

causation, and redressability.  The teacher organizations have not explained "how the activities it undertakes in response to the defendant's conduct differ from its 'routine [] activities,'" nor do they "identify 'specific projects that [it] had to put on hold or otherwise curtail in order to respond to' the defendant's conduct." *Def. Distributed v. United States Dep't of State*, No. 1:15-CV-372-RP, 2018 WL 3614221, at \*4 (W.D. Tex. July 27, 2018) (quoting *N.A.A.C.P.*, 626 F.3d at 238). There are no allegations in the Complaint explaining how the policies of the new board of managers will harm the interests of its members. Because the teacher organizations lack standing, their claims should be dismissed.

## C.     The Court Should Abstain from Deciding Plaintiffs' Claims.

This lawsuit involves important questions of state law that are currently being litigated in the pending state court lawsuit brought by similar plaintiffs against TEA. The state law questions are of substantial public import as the lawsuit interferes with the proceedings of TEA, a state agency, by asking for injunctive relief that would prohibit TEA from appointing a board of managers for HISD. Thus, the *Burford* abstention doctrine requires the Court to abstain from hearing this case. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989) (quotations omitted).

## D.     Sovereign Immunity Bars Plaintiffs' Claims.

Sovereign immunity bars all of Plaintiffs' claims against TEA with the exception of their VRA claim.  It is well settled that Plaintiffs cannot bring claims against TEA since it is a state agency and benefits from the same sovereign immunity the State itself has. *See, e.g.*, *City of Austin v. Paxton*, 943 F.3d 993, 1004 (5th Cir.

4

2019) (dismissing claim against the Texas Workforce Commission and concluding that the claim could not be brought under *Ex parte Young*). Plaintiffs federal and state-law constitutional claims against TEA (Counts II, III, and IV) must be dismissed.

Sovereign immunity also bars all of Plaintiffs state-law constitutional claims against Commissioner Morath in his official capacity.  The *Ex parte Young* exception to sovereign immunity is "inapplicable in a suit against state officials on the basis of state law." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). Plaintiffs' state-law claims against Commissioner Morath in his official capacity are thus barred by immunity and should be dismissed.

**E.     Plaintiffs' Have Failed to State a Claim.**

Plaintiffs' Voting Rights Act and Fifteenth Amendment claims fail because the VRA and Fifteenth Amendment do not apply where the State changes the school board system to an appointive rather than an elective scheme. *See Searcy v. Williams*, 656 F.2d 1003, 1010 (5th Cir. 1981), *aff'd sub nom. Hightower v. Searcy*, 455 U.S. 984, 102 S. Ct. 1605, 71 L. Ed. 2d 844 (1982) (noting that in "an appointive rather than an elective scheme," the district court correctly found that the VRA and the Fifteenth Amendment did not apply); *Phillips v. Snyder*, 836 F.3d 707, 720–21 (6th Cir. 2016) (holding Section 2 does not apply to a Michigan law allowing emergency managers to take over municipalities or public school systems); *Moore v. Detroit Sch. Reform Bd.*, 293 F.3d 352, 354 (6th Cir. 2002) (upholding state takeover of local school board under Section 2).  Plaintiffs VRA and Fifteenth Amendment claims fail as a matter of law. *See, e.g. Quinn v. Illinois*, 887 F.3d 322, 324 (7th Cir. 2018) (Easterbrook, J.) ("The Voting Rights Act has been on the books for 53 years, and as far as we are aware no

5

court has understood § 2 to require that any office be filled by election.").

Even if the VRA applied, Plaintiffs VRA and Fifteenth Amendment claims fail because every voter in HISD, regardless of race, is affected equally by the appointment of the board of managers. *See Ross v. Texas Educ. Agency,* 2008 WL 4746773, at *7 (S.D. Tex. Oct. 27, 2008) ("By Plaintiffs['] own admission, every voter in the NFISD electorate, regardless of race, is affected equally by the appointment of the board of managers, and there has been no evidence that a particular minority group within the NFISD electorate has had their voting power diluted when compared to non-minority voters in the NFISD electorate."). Plaintiffs fail to address the holding and reasoning from *Ross v. TEA*, where the Southern District of Texas considered the appointment of a board of managers for a Texas school district and dismissed claims that were nearly identical to those alleged by Plaintiffs here. *Id.* Like in *Ross v. TEA*, Plaintiffs have not offered any plausible, non-conclusory allegations that TEA's decision to appoint a board of managers was "on account of race or color." 52 U.S.C. § 10301(a); s*ee Ross*, 2008 WL 4746773, at *7. Accordingly, Plaintiffs have failed to state claims that TEA or Commissioner Morath violated the VRA or the Constitution.

## III.   CONCLUSION

Plaintiffs' claims should be transferred to the Austin Division and thereafter be dismissed.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief, General Litigation Division

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Texas Bar No. 24079396
Attorney-in-Charge
Assistant Attorney General
MICHAEL R. ABRAMS
Assistant Attorney General
Texas Bar No. 24087072

Office of the Attorney General
General Litigation Division
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)

***Attorneys for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 27, 2020, this document was served through the Court's

CM/ECF Document Filing System or through electronic mail, upon the following

counsel of record:

Martin Golando
GARZA GOLANDO MORAN, PLLC
405 N. St. Marys, Suite 700
San Antonio, TX 78205
Phone: 210-892-8543
martin.golando@gmail.com

Jose Garza
Law Office of Jose Garza
7414 Robin Rest Dr.
San Antonio, TX 78209
210-392-2856
jgarza@trla.org
Martha Powell Owen
Deats, Durst & Owen, PLLC
1204 San Antonio St., Suite 203
Austin, TX 78701
512-474-6200
mowen@ddollaw.com

<u>/s/ Andrew B. Stephens</u>
ANDREW B. STEPHENS
Assistant Attorney General